UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIZABETH KAREIVA,

    Plaintiff,

v.                                              CASE NO. 3:12-cv-375-J-34JBT

OFFICER MICHAEL WELCH, individually,
and ASHBURN GEORGIA POLICE
DEPARTMENT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*.

On April 5, 2012, *pro se* Plaintiff filed her Complaint in this Court alleging false arrest, false imprisonment, and illegal search and seizure.[2] (Doc. 1.) Upon review of the Complaint, the Court finds that venue is improper in this Court, and therefore, the undersigned will recommend that this action be transferred to the appropriate court, or alternatively, dismissed without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a).

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Simultaneously with the filing of the Complaint, Plaintiff filed an Affidavit of Indigency (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*.

The question of "venue of all civil actions brought in district courts of the United States" is governed by § 1391. 28 U.S.C. § 1391(a)(1). Pursuant to § 1391:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff alleges that she is a "resident of the city of Satsuma, State of Florida, Putnam County"; "Defendants, Michael Welch and Ashburn Georgia Police Department, [are] organized and existing under the laws of the State of Georgia, Turner County"; and the events at issue occurred on July 21, 2011 in Turner County and Crisp County, Georgia. (Doc. 1, ¶¶ 1-2, 9, 14-28.) Thus, venue would appear to be appropriate under subsections (1) and/or (2) of § 1391(b), in the United States District Court for the Middle District of Georgia, Albany Division, which encompasses both Turner and Crisp Counties.[3] Therefore, pursuant to § 1391, venue is not proper in this Court.

When an action is brought in the wrong venue, the Court "shall dismiss [it], or if it be in the interest of justice, transfer such case to any district or division in which

---

[3] Even if subsection (3) of § 1391(b) were applicable, the Complaint contains no allegations that the Court has personal jurisdiction over either Defendant.

it could have been brought." 28 U.S.C. § 1406(a). Although it appears that dismissal without prejudice would not prejudice Plaintiff,[4] in an abundance of caution, the Court will recommend transfer to the United States District Court for the Middle District of Georgia, rather than dismissal. However, dismissal without prejudice appears to be a viable option as well.

Accordingly, it is respectfully **RECOMMENDED** that:

This action be transferred for all further proceedings to the United States District Court for the Middle District of Georgia, Albany Division, or alternatively, that the action be dismissed without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on April 9, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

---

[4] In the event of dismissal without prejudice, it appears that Plaintiff could re-file the action within the applicable statute of limitations period because less than a year has passed since the date of the alleged incident(s).